CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 10 2016

JULIA C. DUDLEY, CLERK
BY: /s/ 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JAREE BELL, | ) |
| Plaintiff, | ) Civil Action No. 3:16CV00050 |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) Hon. Glen E. Conrad |
| ERIN MCGOWAN, et al., | ) Chief United States District Judge |
| Defendants. | ) |

Jaree Bell's minor children were removed from her custody and placed in the custody of their maternal grandmother. Bell, proceeding pro se and in forma pauperis, commenced this action related to the custody decision and ongoing visitation issues on July 14, 2016. She named multiple defendants, including employees of the Charlottesville Department of Social Services; the maternal grandmother, Joselyn Bell; and Charlottesville Juvenile and Domestic Relations District Court Judges Edward Berry and Claude Worrell. For the following reasons, the court concludes that the action must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) of the Federal Rules of Civil Procedure.

## Background

In 2015, Bell was incarcerated as a result of a domestic altercation that occurred in the presence of her infant child. Following the incident, Judge Berry awarded custody of Bell's children to their maternal grandmother. Bell was released from incarceration in June of 2015. She did not see her children until October 30, 2015, when she was permitted to have supervised visitation.

Bell's complaint arises from the custody decision and ongoing visitation issues. Bell alleges that Erin McGowan and Elmona Reid, who apparently work for the Charlottesville Department of Social Services, stopped her "outside visits" after she grew "agitated with them via email" and "at times . . . used profanity." Bell alleges that Judge Worrell and an attorney, Patricia Brady, have ignored her requests to have the children removed from their grandmother's custody, even though Bell has spanked her youngest child and "guilted [her] children into thinking and speaking of [her] negatively." Bell further alleges that Brady has not conducted the home visits necessary to verify whether Bell's home is safe enough for her children to return, and that Brady and another attorney, Stephanie Cangin, have "failed to contact her when changes . . . occurred regarding her children."

Bell does not seek any monetary damages. Instead, she asks that this court "prosecute the defendants to the full extent of the law," "allow [her] children to file federal lawsuits regarding this matter," and permanently remove the defendants from their respective positions.

## Standards of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). To survive dismissal, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative

2

level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555.

Additionally, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

## Discussion

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally, a case can be filed in a federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

Having reviewed the complaint, the court is constrained to conclude that it must be dismissed for lack of subject matter jurisdiction. To the extent Bell seeks to invoke the court's diversity jurisdiction, she has failed to demonstrate that complete diversity of citizenship exists between the parties as required by § 1332. To the contrary, the complaint indicates that the plaintiff and the defendants are residents of Virginia. Consequently, diversity jurisdiction is lacking.

To the extent Bell seeks to invoke the court's federal question jurisdiction, she has not identified any violation of federal law which might support the exercise of jurisdiction under § 1331. Moreover, under the Rooker-Feldman doctrine, federal district courts do not have subject matter jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by

3

state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."* Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Accordingly, to the extent Bell seeks review of, or relief from, a custody or visitation decision by Judge Berry or Judge Worrell, her complaint is subject to dismissal under Rule 12(h)(3).

Bell's complaint is also subject to dismissal under § 1915(e)(2) for a number of reasons. First, to the extent Bell asks this court to intervene in ongoing proceedings before Judge Berry or Judge Worrell, such relief is barred by the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), which provides that a federal court should abstain from interfering in a state proceeding, even if it has jurisdiction to reach the merits, if (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise any federal claims in the state proceedings. Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994).

Additionally, Judge Berry and Judge Worrell are immune from liability under the facts alleged in the complaint. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (discussing judicial immunity). Likewise, to the extent that any attorney named in the complaint served in the capacity of guardian ad litem, the attorney is immune from liability. See Fleming v. Asbill, 42 F.3d 886, 889 (4th Cir. 1994) (holding that the defendant, while acting as the guardian, was immune from liability).

---

* The Rooker-Feldman doctrine is named after two Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

4

Finally, Bell's complaint, even under the most liberal construction, fails to allege sufficient facts to state a plausible claim under any federal constitutional or statutory provision against any of the named defendants.

## Conclusion

For the reasons stated, the complaint will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

DATED: This 10th day of August, 2016.

/s/ Glen Conrad
Chief/United States District Judge

5

Case 3:16-cv-00050-GEC   Document 4   Filed 08/10/16   Page 5 of 5   Pageid#: 18